```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

JAMES M. WARNER,                  :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :    CASE NO.  3:14cv1192(DFM)
                                  :
WILLIAM T. FREEMAN, et al.,       :
                                  :
     Defendants.                  :
```

ORDER

Today the court granted the defendants' motions for summary judgment on the plaintiff's false arrest claim and denied the motions on the malicious prosecution claim. See doc. #49. On the record before the court, however, it appears that the plaintiff has not plausibly alleged that the defendants "initiated or procured criminal proceedings" against him, an essential element.

To satisfy this element, the plaintiff must do more than merely claim that the officers arrested and detained him without probable cause. Rather, he must allege that the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to charge him, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence. See Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010) ("To initiate a prosecution, a defendant must do more than report the crime or give testimony. He must play an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."); Salatto v. City of Milford, No. 3:08cv1071(MRK), 2012 WL 774612, at *9 (D. Conn. Mar. 7, 2012)

(granting summary judgment where "there is no evidence that Defendants initiated or procured criminal proceedings against [plaintiff]"); Nelson v. City of Stamford, No. 3:09cv1690(VLB), 2012 WL 601776, at *4 (D. Conn. Feb. 23, 2012)(granting summary judgment as to malicious prosecution claim where plaintiff "failed to present any evidence to indicate that the Defendant Officers played any role in prosecuting [him] . . . where they were merely the arresting officers"); Luzzi v. Hirsch, No. 3:10cv481(MRK), 2011 WL 6780968, at *7 (D. Conn. Oct. 20, 2011)("[a]bsent a claim that [the officers] played more of an essential or influential role in seeking or procuring the . . . indictment, [plaintiffs'] bare-bones assertions against them are insufficient to state a claim for malicious prosecution"); Kennedy v. Chamberland, No. 3:07cv214(RNC), 2010 WL 1286789, at *6 (D. Conn. Mar. 30, 2010)(granting summary judgment where plaintiff "offer[ed] no evidence that the officer exerted pressure on the prosecutors, submitted knowing misstatements to them or concealed evidence from them"); Simpson v. Denardo, No. 3:02cv1471(MRK), 2004 WL 1737444, at *9 (D. Conn. July 29, 2004) (granting summary judgment where plaintiff failed to present "evidence to satisfy the initial prong of a malicious prosecution claim – that [defendants] initiated or procured criminal proceedings against [her]"); Edelman v. Laux, No. CV115005710, 2013 WL 4504793, at *6 (Conn. Super. Ct. July 26, 2013)("Under Connecticut law, '[a] person is deemed to have initiated a proceeding if his direction or request, or pressure of

2

any kind by him, was the determining factor in the officer's decision to commence the prosecution . . . .'").

In the circumstances of this case, the purposes of Rule 1 are best served by testing the legal sufficiency of the plaintiff's claim in advance of jury selection. The court will permit defendants to file another dispositive motion, this one aimed at the element of the plaintiff's malicious prosecution claim discussed above. The motion, with appropriate supporting papers, shall be filed by October 28, 2016.

SO ORDERED at Hartford, Connecticut this 23rd day of September, 2016.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge