UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES M. WARNER,                :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO.  3:14cv1192(DFM)
                                :
WILLIAM T. FREEMAN, et al.,     :
                                :
     Defendants.                :

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, James Warner, commenced this action pursuant to 42 U.S.C. § 1983 against various police officers alleging false arrest and malicious prosecution. At this juncture, the sole remaining claims are federal and state law malicious prosecution claims against Connecticut State Trooper William Freeman ("Freeman").[1] Pending before the court is defendant Freeman's supplemental motion for summary judgment. (Doc. #52.) The court heard oral argument on September 14, 2017. For the reasons that follow, the court grants the motion with respect to the § 1983 malicious prosecution claim and declines to exercise supplemental jurisdiction over the state law claim.

I. Background

The court assumes the parties' familiarity with the underlying facts and allegations and summarizes them only briefly here. The

---

[1]Three defendants remained prior to this motion: Freeman, Dowd and Larue. The plaintiff agrees that summary judgment should enter as to defendants Dowd and Larue. (Doc. #55 at 1.) This leaves Freeman as the remaining defendant.

following facts are undisputed.

The plaintiff is a landscaper. A customer of his, John Fox ("Fox") lived at 11 Tattoo Road in Woodstock, Connecticut. Fox asked the plaintiff to clean up the property across the street at 16 Tattoo Road. At that address, there was a dilapidated house on an overgrown lot with lots of debris in the yard. The plaintiff knew that Fox did not own the 16 Tattoo Road property.

On December 9, 2013, the plaintiff parked his pickup truck in the driveway of 16 Tattoo Road. He and two other men took items from the property including an aluminum rowboat, a cement mixer, a heater, and aluminum gutters. They loaded the items into the bed of the plaintiff's truck. The plaintiff did not know who owned the items. Meanwhile, another neighbor called the police. The caller reported that there were men on the property at 16 Tattoo Road, that the house was vacant, and that the men were taking things from the property and loading them into a truck.

When the police arrived, the plaintiff provided identification and said that he was cleaning up the property. The police asked the men who had given them permission to be there. The men did not respond. The plaintiff said that he had knocked at the door but nobody answered. He explained that he then began to collect things to bring to the dump. An officer knocked on the front door of the residence but there was no response.

Defendant Freeman charged the plaintiff with larceny in

violation of Conn. Gen. Stat. § 53a-119, criminal trespass in the third degree in violation of Conn. Gen. Stat. § 53a-109 and criminal mischief in the third degree in violation of Conn. Gen. Stat. § 53a-117. The plaintiff was transported to the Danielson State Police Barracks, processed, and released the same day on a $6000 surety bond. On April 25, 2014, the plaintiff appeared at court and the charges were dismissed.

The plaintiff brought suit alleging that the defendants deprived him of his right to be free from false arrest and malicious prosecution. In September 2016, the court granted in part and denied in part the defendants' motion for summary judgment. (Doc. #49.) The court held that arguable probable cause existed and that accordingly, the defendants were entitled to qualified immunity as to the false arrest and malicious prosecution claims with the exception of the criminal trespass charge. That charge[2] requires that the property be posted or fenced. It is undisputed that the property at issue was neither posted nor fenced and as a result, the defendants conceded that probable cause did not exist. (Doc. #45 at 20.) The court permitted the defendants

---

[2]Conn. Gen. Stat. § 53a-109 provides:

(a) A person is guilty of criminal trespass in the third degree when, knowing that such person is not licensed or privileged to do so: (1) Such person enters or remains in premises which are posted in a manner prescribed by law or reasonably likely to come to the attention of intruders or are fenced or otherwise enclosed in a manner designed to exclude intruders . . . .

to file a supplemental summary judgment motion on the malicious prosecution claim as to the criminal trespass charge. This motion followed.

II. Standard for Summary Judgment

Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "burden on the moving party may be discharged by 'showing' — that is pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002); see also Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) ("In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."). A genuine dispute of material fact "exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." Zann Kwan v. Andalex Gr., LLC, 737 F.3d 834, 843 (2d Cir. 2013). The evidence adduced at the summary judgment stage must be viewed in the light most favorable to the non-moving party and with all ambiguities and reasonable inferences drawn against the moving party. See, e.g., Caronia v.

4

Philip Morris USA, Inc., 715 F.3d 417, 427 (2d Cir. 2013).

III. Discussion

The defendant moves for summary judgment as to the plaintiff's § 1983 claim of malicious prosecution on the charge of criminal trespass in the third degree.

"In the absence of federal common law, the merits of a claim for malicious prosecution under Section 1983 are governed by state law." Spak v. Phillips, 857 F.3d 458, 462 (2d Cir. 2017).

> Under Connecticut law, a plaintiff asserting malicious prosecution must prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. . . . .

Id. at 462 n.1 (internal quotation marks and citations omitted). In addition, in order to allege a cause of action for malicious prosecution under § 1983, the plaintiff must be "able to demonstrate a deprivation of liberty amounting to a seizure under the Fourth Amendment. Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)." Id. "The tort of malicious prosecution relates to deprivations of liberty pursuant to legal process - meaning either post-arraignment or as a result of arrest pursuant to warrant. Deprivations of liberty from the moment of warrantless arrest until arraignment are not pursuant to legal process, and therefore implicate the separate tort of false arrest." Coleman v. City of New York, 688 F. App'x 56, 58 n.1 (2d Cir. 2017). See,

5

e.g., Rutigliano v. City of New York, 326 F. App'x 5, 7 (2d Cir. 2009)("To sustain a § 1983 malicious prosecution claim, the state law elements must be met, and there must also be a showing of a 'sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.'"); Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) ("in addition to the elements of malicious prosecution under state law," the plaintiff must assert that there was "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights"); Singer, 63 F.3d at 116 ("to successfully pursue a § 1983 claim of malicious prosecution in violation of his Fourth Amendment rights, [plaintiff] must show some post-arraignment deprivation of liberty that rises to the level of a constitutional violation.")

The defendant argues that the plaintiff has not shown that he suffered a constitutionally cognizable deprivation of a liberty interest stemming from the charge of criminal trespass.[3] In support, the defendant points out that the plaintiff was arrested on other charges for which probable cause existed, was released on bond the same day and subsequently appeared in court on all

---

[3] For purposes of this motion, the defendant does not dispute the following elements of a malicious prosecution claim: favorable termination (second element), probable cause (third element) and malice (fourth element). (Doc. #53 at 9.) The defendant does dispute the first element, that is, that the defendant initiated or procured the institution of criminal proceedings against the plaintiff. Because the court concludes that the plaintiff has not demonstrated a deprivation of liberty under the Fourth Amendment, the court does not address the first element.

6

charges. On these facts, the defendant maintains, the plaintiff has not shown, as he must, that he suffered a post-arraignment constitutionally cognizable deprivation of liberty attributable to the criminal trespass charge.

The case of Coleman v. City of New York, 688 F. App'x 56, 58 (2d Cir. 2017) is instructive. In that case, the plaintiff was arrested on multiple charges, all of which were subsequently dismissed. He filed suit alleging malicious prosecution. The district court determined that probable cause existed as to all charges with the exception of assault charges. As to those charges, the district court granted summary judgment on the grounds that the plaintiff could not show an independent deprivation of liberty resulting from the prosecution of the assault charges. On appeal, the Second Circuit affirmed, stating:

> Because a malicious prosecution claim brought under § 1983 is grounded in the Fourth Amendment, . . . the plaintiff must also establish another element in addition to the state tort requirements: a post-arraignment[] deprivation of liberty that rises to the level of a constitutional seizure. . . . [Plaintiff] fails to show such a seizure . . . . Since [plaintiff] was released without bail after his arraignment, the only post-arraignment deprivation of liberty he suffered was the ongoing requirement of appearing in court (more than a dozen times over two years). That might be sufficient, see Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215-16 (2d Cir. 2000), except that it is not solely attributable to the assault charges, which are the only remaining charges for which [plaintiff] could have a malicious prosecution claim. Even if the assault charges had never been, [plaintiff] still would have had the obligation to appear on account of the other criminal charges (which cannot support a malicious prosecution claim, because they were indisputably supported by probable cause) . .

7

> . . It is [plaintiff's] burden to show a post-arraignment deprivation of liberty that resulted from the prosecution that he alleges was unsupported by probable cause; he has not sustained it.

Coleman, 688 F. App'x at 57–58.

Citing Coleman, the district court for the Southern District of New York reached the same conclusion in Ramos v. New York, No. 15 CIV. 6085 (ER), 2017 WL 3575697, at *3 (S.D.N.Y. Aug. 17, 2017). In that case, the plaintiffs were charged with criminal possession of a controlled substance with intent to sell, criminal sale of a controlled substance in the third degree, and criminal sale of a controlled substance in the seventh degree. As to the malicious prosecution claim, the district court determined that probable cause existed as to the charge of possession of a controlled substance with intent to sell. The court further concluded that the plaintiffs could not show an independent post-deprivation liberty with respect to the prosecution on the criminal sale charges. In so finding, the court observed that the plaintiffs were obligated to appear in court for the possession charges regardless of the appropriateness of the criminal sale charges. As a result, the court granted summary judgment. See also Flynn-Rodriguez v. Cheng, No. 14 Civ. 2287 (JWB), 2017 WL 3278889, at *2 (E.D.N.Y. Aug. 1, 2017) (relying on Coleman, granting judgment as to malicious prosecution claim on charge of resisting arrest where "the deprivation was also caused by other charges that were supported by probable cause.")

8

The plaintiff argues that summary judgment should not enter. According to the plaintiff, the defendant bears the burden of presenting evidence that the plaintiff "would have suffered the same loss of liberty had [defendant] not charged him with the criminal trespass third degree offense" and the defendant "has not attempted to carry his burden." (Doc. #55 at 5.) The court is not persuaded. Contrary to the plaintiff's argument, "[i]t is [plaintiff's] burden to show a post-arraignment deprivation of liberty that resulted from the prosecution that he alleges was unsupported by probable cause . . . ." Coleman v. City of New York, 688 F. App'x 56, 57–58 (2d Cir. 2017). The defendant has pointed to an absence of evidence to support an essential element of the plaintiff's claim. This is a proper discharge of the burden of the moving party. See Giannullo v. City of New York, 322 F.3d 139, 141 n.2 (2d Cir. 2003)("[A] defendant may move for summary judgment on the ground that the plaintiff has failed to adduce any evidence of an element of plaintiff's claim, and if the plaintiff fails in response to contest this assertion or adduce such evidence, defendant, without more, will prevail"); PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (The "burden on the moving party may be discharged by 'showing' — that is pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case."). The defendant has pointed out that there is an absence of evidence to support an essential

element of the plaintiff's claim; it then falls "to [the plaintiff] to come forward with specific evidence demonstrating the existence of a genuine dispute of material fact as to that element . . . ." El-Nahal v. Yassky, 835 F.3d 248, 256 (2d Cir. 2016), cert. denied, 137 S. Ct. 2187 (2017). The plaintiff has not done so. Accordingly, the defendant's motion for summary judgment on the § 1983 malicious prosecution claim is granted.

Pendant State Law Claim

The plaintiff asserts in his opposition to this motion that the complaint alleges a malicious prosecution claim under Connecticut state law[4] as well as under § 1983. He argues that summary judgment should be denied as to the state law claim because "loss of liberty is not even an element of malicious prosecution under state law." (Doc. #55 at 6.)

Having determined that the plaintiff's federal claim does not survive, the court declines to exercise jurisdiction over any state law claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am.

---

[4]This is not self-evident. Admittedly, the complaint refers to the "rights secure to the plaintiff by the Constitution and the laws of the United States and the State of Connecticut" and asserts jurisdiction pursuant to "Sections 1331, 1343(3) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code." (Compl. ¶¶1-2.) However, the complaint specifically alleges that "the defendants deprived the plaintiff of his right to be free from false arrest and malicious prosecution, which rights are secure to him by the Fourth Amendment to the United States Constitution as enforce through Sections 1983 and 1988 of Title 42 of the United States Code." (Compl. ¶12.) There is no similar allegation invoking state law.

v. Gibbs, 383 U.S. 715, 726 (1966). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Kolari v. N. Y. Presbyterian Hosp., 455 F.3d 118, 123 (2d Cir. 2006) (reversing a district court decision to retain supplemental jurisdiction over state law claims after dismissal of the federal claim, citing "the absence of a clearly articulated federal interest"); Anderson v. Nat'l Grid, PLC, 93 F. Supp. 3d 120, 147 (E.D.N.Y. 2015) ("In the interest of comity, the Second Circuit instructs that absent exceptional circumstances, where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should abstain from exercising pendent jurisdiction.")(citing cases) (internal quotation marks omitted)).

IV. Conclusion

For these reasons, the defendant's motion for summary judgment (doc. #52) is granted as to the § 1983 malicious prosecution claim. The state law claim is dismissed without prejudice.

SO ORDERED at Hartford, Connecticut this 22nd day of September, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge